

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 22 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| EVANGELINA CASTILLO and NORMA LINDA SOLIZ | § § § | |
| V. | § | CIVIL ACTION NO. C-00-073 |
| TRAVELERS PROPERTY CASUALTY | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT:

    1. Travelers Property Casualty is Defendant in a civil action brought on January 26, 2000, in the 229th Judicial District Court of Duval County, Texas, entitled *Evangelina Castillo and Norma Linda Soliz v. Travelers Property Casualty*, Cause No. DC-00-23. A copy of the citation, petition, and notice of removal filed in that action is attached and constitutes all process, pleadings, and orders served in the action.

    2. The citation and petition in this action were served on Defendant on January 31, 2000, via certified mail, return receipt requested. This notice of removal is filed within thirty (30) days of receipt of the petition and is timely filed under 28 USC § 1446(b).

    3. The District Courts of the United States have original jurisdiction over this action because it involves citizens of different states. As is alleged in Plaintiffs' petition, Plaintiff Evangelina Castillo is a citizen of Texas residing in Duval County, Texas. As is also alleged in Plaintiffs' petition, Plaintiff Norma Linda Soliz is a citizen of Texas residing in Duval County, Texas. Defendant is a Delaware Corporation with its principal place of business in Hartford Connecticut. Pursuant to 28 U.S.C.

§ 1332, this Court has jurisdiction over this civil action in that the aggregate amount in controversy for both plaintiffs exceeds the sum or value of $75,000 and is between citizens of different states.

4. Removal of this action is proper under 28 USC § 1441, since it is a civil action, filed in a state court, and the federal district courts have original jurisdiction over the parties under 28 USC § 1332. Further, no party properly joined and served as a defendant is a citizen of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant Travelers Property Casualty, in conformance with the requirements set forth in 28 USC § 1446, prays that this action be removed for trial from the 229th Judicial District Court of Duval County, Texas, to this Court and for such other and further relief to which it is justly entitled.

Page 2 of 3

Respectfully submitted,

DUNN & WEATHERED, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
361-883-1594 [FAX 883-1599]

BY _____
John A. Smith III
SBN 18627450; FED ID 8638

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on the __16__ day of __February__, __2000__, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
John A. Smith III

**VIA CM/RRR ARTICLE Z 149 736 328**
Mr. David O. Gonzalez
700 E. Third Street
Alice, TX 78332

Page 3 of 3

**COPY**

CIT.PS.CM
CLERK OF THE COURT                          ATTORNEY FOR PLAINTIFF
MR. RICHARD M. BARTON                       MR. DAVID O. GONZALEZ
P.O. DRAWER 428                             700 E. THIRD ST.
SAN DIEGO, TEXAS 78384                      ALICE, TX 78332

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO: TRAVELERS PROPERTY CASUALTY, BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEMS, 350 NORTH SAINT PAUL STREET, DALLAS, TEXAS 75201**

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 229th Judicial District Court of Duval County, Texas at the Court House of said County in San Diego, Texas.

Said Petition was filed in said court on the 26th Day of January, A. D., 2000 in this case, numbered DC-00-23 on the docket of said court, and styled

**EVANGELINA CASTILLO AND NORMA LINDA SOLIZ, Plaintiff's**
VS.
**TRAVELERS PROPERTY CASUALTY Defendants**

The nature of said Petition is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law and the mandates thereof, make due return as the law directs.

Issued and given under my hand and seal of said Court at San Diego, Texas this the 26th day of January A.D., 2000. Attest Mr. Richard M. Barton, Clerk District Court, Duval County, Texas

By _____, Deputy.

## CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 26th day of January, 2000 at 2:30 o'clock P.M., I mailed
TO: TRAVELERS PROPERTY CASUALTY, CT CORP. SYSTEMS, REGISTERED AGENT, 350 NORTH SAINT PAUL STREET, DALLAS, TEXAS 75201
return receipt requested, a true copy of this citation with a copy of the petition attached thereto.
Mr. Richard M. Barton, Clerk
CERTIFIED MAIL—RESTRICTED DELIVERY # Z 381 725-159

By _____, Deputy

**CLERK'S RETURN**
FILED THIS THE _____ DAY OF _____ A. D. 2000.
MR. RICHARD M. BARTON, CLERK
DISTRICT COURT
DUVAL COUNTY, TEXAS
BY: _____, DEPUTY

DATE OF DEFENDANT'S SIGNATURE: _____

CAUSE NO. DC-00-23

| | | |
|---|---|---|
| EVANGELINA CASTILLO AND NORMA LINDA SOLIZ | § § § | IN THE DISTRICT COURT |
| VS. | § § | 229TH JUDICIAL DISTRICT |
| TRAVELERS PROPERTY CASUALTY | § | DUVAL COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

LAW DEPARTMENT
FEB 02 2000
RECEIVED PM

TO THE HONORABLE JUDGE OF SAID COURT:

EVANGELINA CASTILLO AND NORMA LINDA SOLIZ, Plaintiffs, complain of TRAVELERS PROPERTY CASUALTY, Defendant, and for cause of action show:

I.

Discovery under this petition is requested to be conducted under Level 3 of the T.R.C.P. Rule 190.4. Plaintiff has filed a motion, contemporaneously with the filing of this original petition, seeking a Court order that discovery be conducted in accordance with a discovery control plan tailored to the specific needs of this lawsuit.

II.

The Plaintiffs are individuals and residents of Duval County, Texas.

Defendant, Travelers Property Casualty is a foreign corporation licensed to do business in the State of Texas and may be served through its registered agent C.T. CORPORATION SYSTEM, 350 N. St. Paul Street, Dallas, Texas 75201.

Pursuant to Texas Civil Practice and Remedies Code, Section 15.032, venue is permissive in Duval County, Texas because the policy holder or beneficiary instituting this suit resided in Duval County, Texas, at the time cause of action occurred.

III.

On June 26, 1999, Plaintiffs sustained bodily injuries and property damages hereinafter described as the direct and proximate result of being involved in an automobile accident as more particularly alleged below. At such time, Plaintiffs were protected against loss caused by bodily injury and property damage resulting from the ownership, maintenance, or use of an uninsured motor vehicle by a policy of insurance issued by the Defendant, Travelers Property Casualty.

IV.

The injuries and damages suffered by Plaintiffs made the basis of this action arose out of an automobile accident that occurred on or about on June 26, 1999 in Jim Wells County, Texas. At such time and place, Plaintiff, Evangelina Castillo, accompanied by Norma Linda Soliz, was operating a 1999 Ford Taurus traveling eastbound on FM 2295 when suddenly and without warning a large pickup truck ran its STOP sign causing the Plaintiff, Evangelina Castillo to strike the pickup. The pickup then fled the scene of this accident without giving any aid to the Plaintiffs. As a result of the collision, Plaintiff's automobile was totaled, and Plaintiffs sustained severe and permanent personal injuries.

V.

The collision described above, and the resulting injuries and damages suffered by Plaintiffs, was proximately caused the negligent conduct of an uninsured motorist in one or more of the following respects:

1. *Failure to maintain a reasonable safe and prudent rate of speed;*

2. *Failure to control speed;*

3. *Failure to stop at the stop sign;*

4. *Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;*

5. *Failure to timely and properly apply the brakes to the vehicle to stop and avoid the collision*

6. *Failure to take evasive action to prevent the collision;*

7. *Driver inattention;*

Each of these acts and omissions, singularly or in combination, constituted negligence which proximately caused the occurrence made the basis of this action and the plaintiffs' injuries and damages as describe below.

## VI.

Plaintiff, Evangelina Castillo suffered injuries to her head, neck, back, shoulders, right arm, chest and body in general. As a result, Plaintiff has incurred damages in excess of the minimal jurisdictional limits of the Court. Plaintiff, Evangelina Castillo has required medical attention and care and has incurred and continue to incur medical expenses.

Plaintiff, Norma Linda Soliz suffered injuries to her head, neck, back, shoulders, right knee, left leg, and body in general. As a result, Plaintiff has incurred damages in excess of the minimal jurisdictional limits of the Court. Plaintiff, Norma Linda Soliz has required medical attention and care and has incurred and continue to incur medical

expenses.

These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs, and the charges made and to be made were the usual and customary charges for such services rendered. Plaintiffs have required further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

VII.

Plaintiffs have sustained and in all reasonable probability will sustain the following damages:

1. The physical pain and mental anguish sustained from the date of collision to the time of verdict herein;

2. The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

3. The loss of earnings, or loss of earning capacity, sustained from the date of incident to the time of verdict herein;

4. The loss of earnings, or loss of earning capacity, which will be sustained after the verdict herein;

5. The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the collision to the time of verdict herein;

6. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

Case 2:00-cv-00073   Document 1   Filed in TXSD on 02/22/2000   Page 9 of 18

FEB 09 '00 15:37 FR HOUSTON PC CLAIM    713 787 4247 TO 9213618831599    P.09/11
FEB 09 2000 09:11 FR   TRAVELERS PERS LINES 860 277 2808 TO    7132687983    P.08/12

7. *Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the collision to the date of verdict herein; and*

8. *The physical impairment which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.*

*By reason of all of the above, Plaintiff, Evangelina Castillo, alleges the amount of damages which should be awarded as reasonable cash compensation for her injuries and damages does not exceed $75,000.00.*

*By reason of all of the above, Plaintiff, Norma Linda Soliz, alleges the amount of damages which should be awarded as reasonable cash compensation for her injuries and damages does not exceed $75,000.00.*

## VIII.

*Having determined that there was an uninsured motorist at the time of the occurrence described above, operating an uninsured motor vehicle, as that term in defined in the policy of insurance attached as Exhibit A, plaintiffs timely and properly notified defendant Travelers Property Casualty, of the accident. Plaintiffs have fully complied with all the conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant Travelers Property Casualty, has failed and refused, and still fails and refuses, to pay Plaintiffs a reasonable recovery for their damages under this policy as it is contractually required to do.*

c:\wp51\file\solis.n.\ori.pet
Plaintiff's Original Petition
Page 5

## IX.

At that time there arose a duty on the part of Defendant, Travelers Property Casualty, to deal fairly and in good faith with Plaintiffs. In this connection, Plaintiffs plead that there was no reasonable basis for dealing with Plaintiffs unfairly. Such knowing and conscious acts constituted a breach by Defendant of its duty of good faith and fair dealing, proximately causing Plaintiffs' damages as set forth hereinafter and giving rise to exemplary damages as set forth hereinafter. As a proximate result of the tortious conduct of the Defendant in evaluating plaintiffs benefits under the uninsured provisions of the policy, Plaintiffs were damaged in that Plaintiffs suffered not only the loss of those sums due and owing under the policy, but also severe mental anguish and physical injuries resulting from the refusal of medical providers to supply additional needed services to Plaintiffs because of Plaintiffs' inability to pay for those services, all in the absence of Defendant willingness to honor the policy of insurance, all in an amount within the jurisdictional limits of this Court.

## X.

The Defendant Travelers Property Casualty, has delayed plaintiffs' claim for more than sixty (60) days proceeding the filing of this suit. Because the Defendant, Travelers Property Casualty, has failed to deal with Plaintiffs fair and reasonable on the claim as required by the policy. Plaintiffs have been required to obtain the services of an attorney for purpose of filing suit to recover their benefits. Defendant, Travelers Property Casualty is, therefore, liable to Plaintiffs in accordance with Article 2226 Revised Civil

---

Case 2:00-cv-00073   Document 1   Filed in TXSD on 02/22/2000   Page 11 of 18

FEB 09 '20 15:38 FR HOUSTON PC CLAIM      713 787 4247 TO 9213618831599     P.11/11
FEB 09 2000 09:11 FR TRAVELERS PERS LINES 860 277 2808 TO  7132687983        P.10/12

*Statutes for reasonable attorney's fees.*

## XI.

*Plaintiffs hereby makes their request for jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposit with the District Clerk of Duval County, Texas the jury fee of Thirty and No/100 ($30.00) Dollars.*

***WHEREFORE, PREMISES CONSIDERED****, Plaintiffs prays that Defendant be cited and required to appear herein according to law and that upon final hearing of this cause they have judgment of and from Defendant for the damages in a sum in excess of the minimum jurisdictional limits of the Court, for costs of court, for pre-judgment and post-judgment interest as heretofore provided by law, and for other and further relief to which they may show themselves justly entitled.*

*Respectfully submitted,*

_____
**DAVID O. GONZALEZ**
State Bar No. 08640500
700 E. Third Street
Alice, Texas 78332
(361) 664-7377 Phone
(361) 664-7245 Fax

**ATTORNEY FOR PLAINTIFFS**

c:\wp51\file\solis.a.\ori.pet
Plaintiff's Original Petition
Page 7

A True copy of the original. I certify.
the ___ day of JAN __ 2000
                    A. Barton
Clerk of the District Court,
Duval County, Texas
By _____, Deputy

** TOTAL PAGE.11 **

CAUSE NO. DC-00-23

| | | |
|---|---|---|
| EVANGELINA CASTILLO and NORMA LINDA SOLIZ | § § § § § § | IN THE DISTRICT COURT |
| V. | | DUVAL COUNTY, TEXAS |
| TRAVELERS PROPERTY CASUALTY | | 229th JUDICIAL DISTRICT |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that the defendant in this action has, pursuant to federal law, filed with the Clerk of the United States Court for the Southern District of Texas, Corpus Christi Division, a Notice of Removal, a copy of which is attached and filed with this document, and that this action is removed to the United States District Court for trial as of today, February 18, 2000. This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Page 1 of 2

Respectfully submitted,

DUNN & WEATHERED, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
361-883-1594 [FAX 883-1599]

BY _____
John A. Smith III
SBN 18627450

COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that on the 16 day of February, 2000, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
John A. Smith III

**VIA CM/RRR ARTICLE Z 149 736 329**
Mr. David O. Gonzalez
700 E. Third Street
Alice, TX 78332

Page 2 of 2

CAUSE NO. DC-00-23

| | | |
|---|---|---|
| EVANGELINA CASTILLO and NORMA LINDA SOLIZ | § § § | IN THE DISTRICT COURT |
| | § | DUVAL COUNTY, TEXAS |
| V. | § § | |
| TRAVELERS PROPERTY CASUALTY | § | 229th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Travelers Property Casualty, Defendant in the above-styled and numbered cause, in answer to Plaintiffs' Original Petition, would respectfully show as follows:

1. As authorized by TEX. R. CIV. P. 92, Defendant generally denies each and all of the material allegations contained within Plaintiffs' Original Petition and upon trial will demand strict proof thereof.

2. Pursuant to TEX. R. CIV. P. 216, Defendant requests a jury trial of the above-styled and numbered cause.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by their suit, that Defendant recover its costs, and for such other and further relief to which Defendant may show itself justly entitled.

Page 1 of 2

Respectfully submitted,

DUNN & WEATHERED, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
361-883-1594 [FAX 883-1599]

BY _____
John A. Smith III
SBN 18627450

COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that on the __16__ day of __February__, __2000__, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
John A. Smith III

**VIA CM/RRR ARTICLE Z 149 736 326**
Mr. David O. Gonzalez
700 E. Third Street
Alice, TX 78332

Page 2 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EVANGELINA CASTILLO and NORMA LINDA SOLIZ | § § § | |
| V. | § | CIVIL ACTION NO. _____ |
| TRAVELERS PROPERTY CASUALTY | § § § | |

## LIST OF COUNSEL

COUNSEL FOR PLAINTIFFS:   David O. Gonzalez
SBN 08640500; Fed. ID _____
700 E. Third Street
Alice, Texas 78332
361-664-7377 [FAX 664-7245]

COUNSEL FOR DEFENDANT:   John A. Smith III
SBN 18627450; Fed. ID 8638
DUNN & WEATHERED, P.C.
611 South Upper Broadway
Corpus Christi, TX 78401
361-883-1594 [FAX 883-1599]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EVANGELINA CASTILLO | § | |
| and NORMA LINDA SOLIZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| TRAVELERS PROPERTY CASUALTY | § | |

## INDEX OF MATTERS BEING FILED

1. Notice of Removal

    a. Citation Served on Defendant
    b. Plaintiff's Original Petition
    c. Defendant's Original Answer in State Court

2. Certificate of Notice of Filing

3. List of Counsel

4. Defendant's Original Answer

5. Civil Cover Sheet

6. State Court's Docket Sheet ( _1_ pages)

# CIVIL DOCKET

CASE NO. DC-00-23

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| DC-00-23 | EVANGELINA CASTILLO AND NORMA LINDA SOLIZ vs. TRAVELERS PROPERTY CASUALTY | DAVID O. GONZALEZ Plff. Dft. | DAMAGES (1) | 01 | 26 | 00 |

| FEE BOOK | | DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT | MINUTE BOOK | | Jury Fee. Paid by Jury No. PROCESS |
|---|---|---|---|---|---|---|---|---|---|
| Vol. | Page | Month | Day | Year | | | Vol. | Page | |
| | | 1 | 26 | 00 | | Automobile accident occured in Jim Wells Cty; Uninsured motor Vehicle in — | | | Personal Injuries |
| | | 2 | 2 | 00 | | △ Travelers served by C.T. Corp. 1-31-00. | | | |