IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
MAR - 9 2000
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| EVANGELINA CASTILLO and | § | |
| NORMA LINDA SOLIZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-073 |
| | § | |
| TRAVELERS PROPERTY CASUALTY, | § | |
|     Defendant. | § | |

## ORDER OF REMAND

On this day came on to be considered a sua sponte remand. For the reasons stated herein, the Court ORDERS that the above styled cause of action be REMANDED.

## I.   JURISDICTION

Defendants removed this cause to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. After a sua sponte examination and for the reasons stated herein, the Court FINDS that it lacks subject matter jurisdiction over this cause of action.

## II.   FACTS AND PROCEEDINGS

On February 2, 2000, Plaintiffs filed this suit in the 229th

District Court, Duval County, Texas, seeking recovery against Defendant for bodily injuries and property damage allegedly covered by an insurance policy issued by the Defendant. The alleged injuries and damages suffered by Plaintiffs arose out of an automibile accident that occurred on or about June 26, 1999 in Jim Wells County, Texas. Plaintiffs allege that a pickup truck ran its stop sign, which caused Plaintiffs' vehicle to strike the pickup. Plaintiffs allege the pickup fled the scene without rendering aid. Plaintiffs seek recovery for mental anguish, physical pain, loss of earnings or earning capacity, reasonable and necessary costs of medical care and physical impairment as a result of the accident. Plaintiffs both allege that the total damages sustained by each of them is less than $75,000. (Plaintiffs' Petition at 5). Plaintiffs allege that, despite having complied with all conditions of the insurance policy in question, Defendant has refused to pay a reasonable recovery for their damages. Defendant timely removed this action on February 22, 2000. Defendant alleges that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. The Court now conducts a sua sponte examination of its subject matter jurisdiction over this matter.

2

## III. DISCUSSION

Removal is controlled by 28 U.S.C. § 1441, which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States... ." 28 U.S.C. § 1441(a). It is well-settled that the removing party bears the burden of showing that the removal was proper. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). This burden extends to demonstrating both the jurisdictional basis for removal and the compliance with the requirements of the removal statute. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Delgado v. Shell Oil Co., 890 F.Supp. 1324, 1341 (S.D. Tex. 1995); Albonetti v. GAF Corp. - Chem. Group, 520 F.Supp. 825, 827 (S.D. Tex. 1981). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See, Pullman Co. v. Jenkins, 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993); Brown v. Southwestern Bell Tel. Co., 901 F.2d 1250, 1254 (5th Cir. 1990). The removal statutes are to be strictly construed against

3

removal; doubts as to removability are resolved in favor of remanding the case to state court. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 61 S.Ct. 868 (1941); <u>Butler v. Polk</u>, 592 F.2d 1293, 1296 (5th Cir. 1979); <u>Walters v. Grow Group, Inc.</u>, 907 F.Supp. 1030, 1032 (S.D. Tex. 1995).

Courts are required to determine sua sponte whether or not subject matter jurisdiction is properly conferred. <u>F.D.I.C. v. Loyd</u>, 955 F.2d 316, 322 (5th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, section 1447(c) makes it clear that a federal court must remand a case when it determines that subject matter jurisdiction is lacking. <u>Coleman v. Alcolac, Inc.</u>, 888 F.Supp. 1388, 1394 (S.D. Tex. 1995). Original jurisdiction exists if there is diversity of citizenship, i.e., when complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374, 98 S.Ct. 2396, 2402 (1978).

Plaintiffs' state court petition states that the amount in controversy is less than $75,000. (Plaintiffs' Petition at 5). In its Notice of Removal, Defendant makes the conclusory

4

statement that "the aggregate amount in controversy for both plaintiffs exceeds the sum or value of $75,000." (Notice of Removal at 2). The Fifth Circuit has held that when the plaintiff's complaint does not specify an amount in controversy, the removing defendant must prove by the preponderance of the evidence that the amount in controversy exceeds $75,000. <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). A removing defendant should support federal jurisdiction by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that sustain a finding of the requisite amount. <u>Allen</u>, 63 F.3d at 1335. Removal cannot simply be based upon conclusory allegations. <u>Id.</u>; <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992). Furthermore, a "conclusory allegation of the jurisdictional amount in a removal petition should, and will, universally provoke ... <u>sua sponte</u> remand as is the Court's statutory duty under § 1447(c)." <u>Garza v. Bettcher Indus., Inc.</u>, 752 F.Supp. 753, 763 (E.D. Mich. 1990).

Since Defendant has not set forth facts showing Plaintiffs seek damages in excess of $75,000, the Court FINDS that Defendant has failed to establish diversity jurisdiction.

## IV.   CONCLUSION

5

For the foregoing reasons, the Court ORDERS that the above styled cause of action BE REMANDED pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District Court of Duvall County, Texas, where it was originally filed and assigned Cause Number DC-00-23.

ENTERED on this the ___7th___ day of March, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE